**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARKETING ASSOCIATES, INC.,** | ) | **CASE NO.1:05CV1518** |
| **DBA ASTROKAM SALES &** | ) | |
| **MARKETING CO.,** | ) | |
|         **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
|         Vs. | ) | |
| | ) | |
| **FELLOWES, INC.** | ) | **MEMORANDUM AND OPINION** |
| | ) | |
|         **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Marketing Associates, Inc.'s Motion to Remand. For the following reasons, the Court grants Plaintiff's Motion and orders this case remanded to Cuyahoga County Court of Common Pleas.

Plaintiff Marketing Associates, Inc., filed its Motion to Remand to state court as the Complaint fails to allege the jurisdictional amount of $75,000. The case involves a breach of a representative agreement between Plaintiff (a manufacturer's representative) and Defendant Fellowes, Inc. (a manufacturer), whereby Plaintiff agreed to promote and sell Defendant's products in Ohio. Plaintiff alleges Defendant breached the Agreement by withholding

1

commissions due and owing to Plaintiff.

Plaintiff's Complaint alleges breach of contract (in excess of $8,600); violation of O.R.C. §1335.11 (requiring payment of commissions and requiring commissions be paid within thirty days of termination of a sales relationship and affording treble damages); breach of oral contract (parties continued doing business, under the terms of the Agreement, after the expiration of the Agreement) seeking damages in excess of $8,600; an action for Accounting; and unjust enrichment (in excess of $8,600).

Defendant opposes the Motion to Remand claiming the face of the Complaint alleges damages in excess of $75,000. Defendant alleges the jurisdictional amount is satisfied by totaling the $8,600 damages for Counts I ($8,600) plus Count II (3 x $8,600=$25,800) pursuant to O.R.C. §1335; plus Count III ($8,600); plus Count IV (3 x $8,600=$25,800); plus Count V ($8,600) equaling $77,400, exclusive of attorneys fees, interest and costs. Defendant also alleges Plaintiff has not pled its claims in the alternative, requiring the claims be aggregated. Furthermore, attorneys fees must be considered in determining the jurisdictional amount.

Plaintiff argues Defendant attempts to make a mountain out of a mole hill. Plaintiff alleges it originally filed a similar action in Bedford Municipal Court alleging damages of $8,600. Plaintiff sought treble damages under O.R.C. §1335. Defendant filed a motion to dismiss, arguing the amounts claimed exceeded $40,000 and was beyond the jurisdiction of the municipal court. Plaintiff voluntarily dismissed the action and refiled a nearly identical Complaint at state court. Plaintiff alleges the claims legally, though not expressly, seek alternative relief. Ohio law holds one cannot recover under a theory of unjust enrichment when there is a contract governing the dispute. *Randolph v. New England Mut. Life Ins. Co.,* 526 F.2d

1383, 1387 (6th Cir. 1975) citing *Ullman v. May,* 147 Ohio St. 468, (1947).  The Court cannot legally aggregate, as required by law, the recovery under both unjust enrichment and breach of contract.  Therefore, Plaintiff's recovery would total, at most, approximately $51,600.  Also, an action for an Accounting is an equitable action without its own basis for monetary recovery absent some peculiar circumstance.  See *Complete Bldg. Show Co. v. Albertson,* 99 Ohio St. 11 (1918) and *Fitzgerald v. The Cleveland Cadillac Co.,* 17 Ohio App. 12 (Ohio App. 1922).  Plaintiff does not allege monetary damages in its claim for an accounting.

The parties do not dispute diversity of citizenship exists.

### Standard of Review

Federal courts have the power to adjudicate "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between... citizens of different states." 28 U.S.C. §1332(a)(1).  "Generally, the party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction." *McNutt v. General Motors Acceptance Corp. Of Ind.,* 298 U.S. 178, 189 (1936).

When a plaintiff originally files her claim in federal court, the sum claimed by the plaintiff controls for the purpose of assessing whether the amount-in-controversy requirement contained in 28 U.S.C. § 1332(a)(1) is satisfied, so long as the amount claimed appears to have been made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, (1938). Such a case will not be dismissed for lack of diversity jurisdiction unless the defendant can demonstrate to a "legal certainty" that the plaintiff was in error regarding the claimed amount-in-controversy. *Id.* at 289.  The "legal certainty standard" also applies when the plaintiff originally files her complaint in *state* court alleging a specific amount of damages and the

3

defendant removes the case to federal court. *Gafford v. General, Elec. Co.,* 997 F.2d 150, 157 (6th Cir.1993).

The standard differs, "where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement." *Id.* at 158. In such cases, "the defendant must prove, 'more likely than not,' that the plaintiff's claims meet the federal amount-in-controversy requirement." *Id.* The court must apply the preponderance of evidence standard, as Plaintiffs' claims for legal and equitable relief, and for attorney's fees, are not self-evidently greater or less than seventy-five thousand dollars. *See, Garza v. Bettcher Indus., Inc.,* 752 F.Supp. 753, 763 (E.D.Mich.1990). Courts should resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non-removing party." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) quoting *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th cir. 1994). "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*

Plaintiff's Complaint does not allege an amount in controversy, however, the individual claims allege amounts in excess of $8,600. With no monetary damages under Count IV(action for an Accounting) and recovery legally possible under either breach of contract or unjust enrichment, the Court finds the evidence does not weigh in favor of federal jurisdiction and warrants remand to state court for further proceeding. The Court finds Defendant has failed to demonstrate, to a legal certainty, Plaintiff's claims satisfy the jurisdictional limit.

Therefore, the Court grants Plaintiff's Motion to Remand and Orders this case returned to the Cuyahoga County Court of Common Pleas for further adjudication. Furthermore, Defendant's Motion to Dismiss is denied as moot.

4

IT IS SO ORDERED.


March 21, 2006  /s/ Christopher A. Boyko
Date  CHRISTOPHER A. BOYKO
  United States District Judge